IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JESUS SANTIAGO-MALAVET,**

    Appellant,

    v.

**NOREEN WISCOVITCH RENTAS,**

    Appellee.

Civil No. 12-1414 (GAG)

Bankruptcy No. 09-07657 (ESL)

## ORDER

Presently before the court is the appeal by Jesus Santiago-Malavet (Appellant) of an order issued by the United States Bankruptcy Court for the District of Puerto Rico (Docket No. 1), denying the debtor's motion for a homestead exemption. The issue on appeal is whether the Bankruptcy Court erred in denying Appellants attempts to oppose the trustee's motion to deny Appellant's homestead exemption after the Bankruptcy Court had already ruled on the motion. The court notes the Bankruptcy Court provided an alternative reason to deny the requested relief, but as the Bankruptcy Court's explanation was unnecessary to resolve the matter, the District Court need not review the merits of that portion of the order.

Appellate courts reviewing a bankruptcy appeal generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995); In re Savage Indus., Inc., 43 F.3d 714, 719-20 n.8 (1st Cir. 1994). In addition to the clearly erroneous and *de novo* standards of review, "[t]he appellate court in a bankruptcy appeal may apply an abuse of discretion standard of review of a decision or action by a Bankruptcy Court when such decision is within the discretion of the Bankruptcy Court." Id. (quoting 9E Am.Jur.2d Bankruptcy § 3512 (2004)). "An abuse of discretion may only be found if the lower court's judgement was based upon clearly erroneous factual findings or erroneous legal conclusions." In re Nelson, 251 B.R. 857, 859 (8th Cir. B.A.P. 2000). "Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or

when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." Perry v. Warner (In re Warner), 247 B.R. 24, 25 (1st Cir. BAP 2000) (quoting Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg., Co., 864 F.2d 927, 929 (1st Cir. 1988)). "A decision regarding abandonment is reviewed for abuse of discretion unless it is based upon a clearly erroneous finding of fact." Malden Mills Indus., Inc. v. Maroun (In re Malden Mills Indus., Inc.), 303 B.R. 688, 696 (1st Cir. B.A.P. 2004)(citing LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 212 F.3d 632, 634 (1st Cir. 2000)).

Appellee has not opposed Appellant's brief prior to the deadline and beyond. (See Docket No. 4.) The court has reviewed Appellant's unopposed brief and supporting documents regarding the Bankruptcy Court's denial of its requested relief. (See Docket Nos. 1, 2 & 3.) The court has no reason to conclude at this time that the case should be remanded to allow Appellant to oppose the Trustee's motion objecting to Appellant's homestead exemption. Appellant had the opportunity to object in the first instance and did not do so. The Order issued by the United States Bankruptcy Court for the District of Puerto Rico is hereby **AFFIRMED**.

**SO ORDERED**.

In San Juan, Puerto Rico this 16th day of July, 2012.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge